UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LARRY W. WILLIAMS ) | CASE NO.: 15-11023(1)(12) |
| SANDRA D. WILLIAMS ) | |
| ) | |
| Debtor(s) ) | |

### MEMORANDUM-OPINION

This matter is before the Court on the Motion to Dismiss Case filed by the United States Trustee, Samuel K. Crocker ("Trustee"). The Trustee seeks the dismissal of the Chapter 12 case filed by Debtors Larry W. Williams and Sandra D. Williams ("Debtors") on the grounds that the Debtors are not eligible to be Debtors under Chapter 12 of the United States Bankruptcy Code. The Court considered the Trustee's Motion to Dismiss, the Debtors' Response to the Motion to Dismiss, the Response of the Chapter 12 Trustee, Mark Little, and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Motion to Dismiss.

### FACTS

On October 12, 2015, Debtors filed their Voluntary Petition seeking relief under Chapter 12 of the United States Bankruptcy Code. The schedules to Debtors' Petition indicate that both Debtors are retired with a combined monthly net income of $13,863 derived from pensions.

The Debtors' First Meeting of Creditors held, pursuant to 11 U.S.C.. § 341, was conducted on December 4, 2015. At that meeting, Debtors testified that the last time they were actively involved in a farming operation was 2013. At that time, the Debtors involvement consisted of

obtaining a lease for farmland in Arkansas under which they contracted with their son, Jonathan, to plant and harvest crops. Their son no longer engages in the farming operation.

Debtors also testified at the § 341 meeting that they had no intention of ever returning to active farming.

On February 8, 2016, the Trustee filed the Motion to Dismiss Debtors' case contending they are ineligible to be debtors under Chapter 12 of the Bankruptcy Code. The Motion relies on the Debtors' testimony at the § 341 meeting to support his claims that Debtors have not been engaged in a farming operation since 2013 and are not family farmers as defined by 11 U.S.C. § 101(18). The Chapter 12 Trustee filed a Response agreeing with the Trustee's Motion to Dismiss. No creditors have responded to the Motion to Dismiss.

On February 24, 2016, Debtors filed their Response to the Motion to Dismiss and attached the Affidavit of Debtor Larry Williams, in which he disputed the Trustee's allegations in the Motion to Dismiss. Debtor stated that while his son Jonathan planted and harvested the crops on the land the Debtors leased in Arkansas, he and his wife made the decisions as to what crops to plant, retained all profits and losses from the operation, sold all crops in their own names, and paid for the seed, fertilizer and all materials used in the farming operation. Debtors also procured crop insurance in their own names. The Affidavit was supported by Debtors' 2013 federal tax returns which showed that Debtor purchased two farm tractors in 2011 and sold them in 2013. The tax returns also showed the expenses of $1,299,899 and losses of $307,125 sustained from Debtors' farm operations.

## **LEGAL ANALYSIS**

Under the Bankruptcy Code, "Only a family farmer or fisherman with regular annual income may be a debtor under chapter 12 of this title." 11 U.S.C. § 109(f). The Code provides for the adjustment of debts of a "family farmer" as that term is defined in 11 U.S.C. § 101(18), which states in pertinent part:

> The term "family farmer" means – – . . . individual and spouse . . . engaged in a farming operation whose aggregate debts do not exceed $4,031,575 and not less than 50 percent of whose aggregate noncontingent, liquidated debts . . . on the date the case is filed, arise out of a farming operation owned or operated by such . . . individual and spouse, . . . and such individual or such individual and spouse receive from such farming operation more than 50% of such individual's or such individual and spouse's gross income for – (i) the taxable year preceding; or (ii) each of the 2d and 3d taxable years preceding the taxable year in which the case concerning such individual or such individual and spouse was filed; . . .

Section 101(19) states, "The term 'family farmer with regular income' means family farmer whose annual income is sufficiently stable and regular to enable such family farmer to make payments under a plan under chapter 12 of this Title." Section 101(21) states, "The term 'farming operation' includes farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state."

The Trustee contends the Debtors are not eligible for Chapter 12 relief because they were not "engaged in a farming operation" at the time the Bankruptcy Petition was filed. The Trustee also takes issue with the fact that it was actually the Debtors' son, Jonathan, who was actively engaged in the farming operation, not the Debtors and that they therefore were not "engaged in a farming operation".

The record before the Court, however, does not support the Trustee's claims. In 2013, two years prior to the date the Petition was filed, Debtors indicated on their tax returns that Larry

Williams had $163,003 in income from "pension and farm income." Sandra Williams listed her income as $482,916 from "pension and farm income." The Affidavit establishes that the Debtors meet the numerical requirements under § 101(18) to meet the term "family farmer". The real dispute is whether the Debtors were engaged in a "farming operation" in 2013.

The Debtors' Affidavit established they rented land and then contracted with their adult son who did the physical planting and harvesting of the crops. While Trustee contends this was nothing more than a business transaction and did not constitute engagement in a farming operation, citing *In re California Land and Equipment Leasing, Co., Inc.*, 72 B.R. 1 (Bankr. E.D. Cal. 1984), the facts at bar are distinguishable from the *California Land* case. Here, the Debtors were much more involved than the debtors in the *California Land* case, where the debtors merely entered into a contract with a grower who performed all aspects of the operation. Here, the Debtors entered into the lease contract for their benefit, Debtors owned the farm equipment, Debtors purchased the seed, fertilizer and materials used in the operation and entered into insurance contracts in their own names. Debtors made all decisions as to what crops would be planted and incurred all profits and losses in their own names. The Debtors bore all risks as to whether the operation produced profits and sustained losses.

The Debtors' actions show that they were engaged in a "farming operation" as that term is defined under 11 U.S.C. § 101(21). Debtors need not have owned the land upon which the farming occurred nor did they have to do all of the physical labor involved in the operation. *See e.g. In re Howard*, 212 B.R. 864 (Bankr. E.D. Tenn. 1997).

The cases relied upon by the Trustee do not reflect another line of applicable cases on eligibility for Chapter 12. These cases use a totality of the circumstances standard, a much broader standard that allows the Court to look beyond simply financial statements in determining whether income is derived from a farming operation. *See In re Coulston*, 98 B.R. 280 (Bankr. E.D. Mich. 1989). Debtor's Affidavit established that the percentage of their income attributed to the years 2012 and 2013 were above the 50% threshold required by 11 U.S.C. § 101(18).

The Trustee makes a more compelling argument regarding whether the Debtors are eligible for Chapter 12 relief based on the fact that they testified that they were not actively farming on the date the Petition was filed and expressed their intention to not return to farming in the future. But, as the Debtors note, under the Bankruptcy Code, a debtor eligible for Chapter 12 relief is entitled to completely liquidate its farming operation pursuant to 11 U.S.C. § 1222(8). It would make little sense to block a debtor from the relief provided by Congress under Chapter 12 simply because Debtors made a reasonable financial decision to end a nonprofitable farming operation which would cause the Debtors to fall deeper into debt. This seems to be contrary to the goal of a Chapter 12. In *In re Mikkelsen Farms, Inc.*, 74 B.R. 280, 285 (Bankr. D. Ore. 1987), the court looked at the eligibility requirements for a family farmer to be entitled to relief under Chapter 12. In that case, the debtors were not actually tilling the soil on the date the petition was filed and had leased out their tillable acreage for the following year. Therefore, they were not engaged in a farming operation on the date the petition was filed. There, however, the court specifically noted that Chapter 12 allows for a partial or complete liquidation of the debtor's property. 11 U.S.C. § 1222(a)(8). This provision reflects a recognition by Congress that many family farm reorganizations, to be successful

would involve the scaling down of the farm operation. *Id.*, 132 Cong. Rec. at H8999 (Daily Ed. October 2, 1986). Under 11 U.S.C. § 101(19) it is stated, "the term 'family farmer with regular annual income' means family farmer whose annual income is sufficiently stable and regular to enable such family farmer to make payments under a plan under Chapter 12 of this Title." The statute does not require that the regular annual income to make payments under the plan be farming generated income. In *Mikkelsen*, the court determined that congressional omission of such a requirement in §§ 101(18) and 1222(a)(1) was deliberate, meaning for purposes of funding the plan, the regular annual income could come from whatever source that was sufficiently stable and regular. Thus, it follows that the Debtors need not be actively engaging in the farm operation on the date of the Petition to be eligible under Chapter 12. The Court believes that under the facts and circumstances present in this case, the Debtors are eligible for Chapter 12 relief. The issue of whether the Debtors' current income sources are sufficient to fund their Chapter 12 Plan is not currently before the Court and is, instead, an issue for confirmation.

## **CONCLUSION**

For all of the above reasons, the Motion of the United States Trustee to Dismiss their case is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 22, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>LARRY W. WILLIAMS )<br>SANDRA D. WILLIAMS )<br>)<br>Debtor(s) ) | CASE NO.: 15-11023(1)(12) |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of the United States Trustee to Dismiss the Chapter 12 Petition of Debtors Larry W. Williams and Sandra D. Williams, be and hereby is, **DENIED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 22, 2016